Opinion filed June 14, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed June 14, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00387-CR

                                                      ________

 

                                 TRACY ANN MCCURRY, Appellant

                                                             V.

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

                                                        Midland County, Texas

                                                 Trial
Court Cause No. CR30369

 



 

                                                                   O
P I N I O N

 

Tracy Ann McCurry appeals her conviction by a jury
for the offense of conspiracy to commit capital murder for remuneration or the
promise of remuneration.  The jury
assessed her punishment at fifteen years in the Texas Department of Criminal
Justice, Institutional Division.  She
contends in three points that the evidence is legally and factually
insufficient to support her conviction, that the State=s
counsel improperly struck at her over the shoulders of her attorney, and that
the State=s
attorney engaged in improper closing remarks. 
We affirm.          








McCurry contends in point one that the evidence is
legally and factually insufficient to support her conviction.  In assessing the legal sufficiency of the
evidence to support a criminal conviction, we consider all the evidence in the
light most favorable to the verdict and determine whether, based on that
evidence and reasonable inferences therefrom, a rational juror could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S.  307, 318-19 (1979).  In determining whether the evidence is
factually insufficient to support a criminal conviction, we consider all the
evidence in a neutral light and determine whether the jury=s verdict seems clearly wrong and
manifestly unjust or whether the jury=s
verdict is, though legally sufficient, nevertheless against the great weight
and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006). 

The elements of criminal conspiracy are contained
in Tex. Penal Code Ann. ' 15.02(a) (Vernon 2003).  That section provides that a person commits
criminal conspiracy if, with intent that a felony be committed, (1) he or she
agrees with one or more persons that they engage in conduct that would
constitute the offense and (2) he or she or one or more of them performs an
overt act in pursuance of the agreement. 
Section 15.02(a); McCann v. State, 606 S.W.2d 897, 898 (Tex.
Crim. App. 1980).  The agreement and
overt act in furtherance thereof constitute the corpus delicti of
conspiracy.  McCann, 606 S.W.2d at
898.  A person commits the offense of
capital murder if he or she commits murder by intentionally or knowingly
causing the death of another for remuneration or the promise of
remuneration.  Tex. Penal Code Ann. '
19.03(a)(3) (Vernon
Supp. 2006).

McCurry=s
sister, Christy Jean Cofer, testified concerning conversations she had with
McCurry in which McCurry said that she wanted Cofer to kill Maria Isabell
Sanchez because Sanchez was interfering in McCurry=s
relationship with her boyfriend, Juan Earl Williams (Tad). Among other things,
Cofer testified that McCurry asked her if she would ever consider killing
Sanchez for her; talked with her about killing Sanchez out near a caliche pit
on Rankin Highway; asked her if she would go to Sanchez=s
house, duct tape her, and set her house on fire so she would burn to death;
asked her if she would tape up Sanchez and leave her for the coyotes to eat to
death; told her she wanted to make it look like a suicide or carjacking; told
her she wanted her tortured; instructed her to hit her on the head or choke her
or suffocate her; and told her she wanted Sanchez gone.  While acknowledging that she initially did
not believe McCurry was serious, Cofer testified that McCurry told her she was Adead serious.@  She said McCurry gave her a leather jacket to
pawn so that she could buy bullets to kill Sanchez.








Three officers with the Midland County Sheriff=s Department were able to confirm the
details of Cofer=s
testimony because Cofer wore a body wire during one of her later conversations
with McCurry.  While acknowledging that
McCurry at one point said that she did not want to hurt Sanchez, just Ascare the s--t out of her,@ one of the officers indicated that,
having said that, McCurry continued to talk about having Sanchez murdered.  McCurry testified, confirming many of the
details herself.  However, she insisted
that she did not mean it when she told Cofer she was Adead
serious@ about
it.  She said she never intended for
Sanchez to be hurt.

In arguing that the evidence is legally and
factually insufficient, McCurry does not contend that there is no evidence to
support the elements of the conspiracy to commit capital murder.  She argues only that she denied the intention
to harm Sanchez even though she admitted the things she said that constituted
evidence of the conspiracy, including her statement that she was Adead serious@
about it.  She also relies on the fact
that Cofer initially did not believe she was serious.  We hold that the evidence is legally and
factually sufficient to support the conviction. 
We overrule point one.

McCurry urges in point two that State=s counsel improperly struck at her over
the shoulders of her attorney.  She
refers to the prosecutor=s
comments that McCurry=s
attorney made Aa lot to
do@ about the fact that McCurry was
charged with conspiracy but Cofer was not, that her attorney had taken the
evidence out of context, that her attorney was Agrasping
for straws,@ and that
her attorney was talking Aout
of both sides of his mouth.@  Because no objection was made to any of these
comments, nothing is presented for review. Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996).  We
overrule point two.

McCurry urges in point three that the State=s attorney engaged in improper closing
remarks.  She refers to remarks such
as:  AThis
Defendant is guilty as charged@;  A[T]he
evidence is absolutely overwhelming against her@;
A[T]hat evidence . . . is overwhelming@; AShe=s got nothing but her word@; and A[H]er
word isn=t worth
the breath she used to speak with her. . . . I hate to say that, but it=s true.@  Again, because no objection was made to any
of those comments, nothing is presented for review.  Id.  We overrule point three.

The judgment is affirmed.

 

June 14,
2007                                                                          PER
CURIAM

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Eastland sitting by assignment.